**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02057-CMA-CBS

THE LEARNING EXPERIENCE SYSTEMS, LLC,

    Plaintiff,

v.

BERNARD ALLAGESWARAN LOGANATHAN,
KATIJAH BEEVE BINTE SHAIK ALAUDEEN, and
NESTERVILLE PROPERTIES, LLC,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. # 7)**

---

This matter comes before the Court on Plaintiff The Learning Experience Systems, LLC's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). (Doc. # 7.) The Court, having reviewed the Motion, all exhibits thereto, all arguments made in relation thereto, the Court file, and applicable law, and for good cause shown, hereby finds that the Motion should be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

### A. PROCEDURAL HISTORY

Plaintiff is the Judgment Creditor and Defendants Bernard Allageswaran Loganathan ("Loganathan"), Katijah Beeve Binte Shaik Alaudeen ("Alaudeen," and

together with Loganathan referred to herein as the "Judgment Debtors") are Judgment Debtors with respect to a Final Judgment entered by the United States District Court for the Southern District of Florida on August 4, 2015 in the principal amount of $928,606.00. Judgment Creditors have not satisfied, in part or in whole, the Judgment against them.

On August 12, 2015, Plaintiff's Florida counsel informed the Judgment Debtors' Florida counsel that Plaintiff intended to seek an order from the Florida Court certifying the Final Judgment for registration in other jurisdictions pursuant to 28 USC §1963 on an expedited basis. On August 17, 2015, Plaintiff filed a Motion to Certify the Final Judgment for Registration in the Florida lawsuit.

The next day, Judgment Debtors recorded a General Warranty Deed purporting to convey residential property located at 23453 Painted Hills Street, Parker, Colorado 80138 (the "Colorado Property") to Defendant Nesterville Properties, LLC ("Nesterville," and collectively with the Judgment Debtors referred to herein as "Defendants"). The Colorado Property has a fair market value of approximately $600,000, but was transferred by the Judgment Debtors to Nesterville for stated consideration of only Ten Dollars ($10.00).

### B. TEMPORARY RESTRAINING ORDER

Plaintiff seeks a temporary restraining order: (1) enjoining Defendants from further attempts to convey, sell, or otherwise transfer ownership of the Colorado Property; and (2) enjoining Judgment Debtors from alienating or liquidating any other assets owned by them or by any entity under their control. The Court notes that on

October 16, 2015, it entered a stipulated order granting the preliminary injunction as to Defendant Nesterville Properties, LLC.  (Doc. # 16.)  It now enjoins Judgment Debtors as well from further attempts to convey, sell, or otherwise transfer ownership of the Colorado Property.  However, the Court denies Plaintiff's request to enjoin Judgment Debtors from alienating or liquidating any other assets owned by them or by any entity under their control.

## II.  STANDARD

This Court's review of Plaintiff's Motion is governed by Federal Rule of Civil Procedure 65(b).  In essence, a TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party."  Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update).  Moreover, while "[t]he issuance of a temporary restraining order is a matter that lies within the discretion of the district court," a party must demonstrate "irreparable injury" as "an essential prerequisite to a temporary restraining order."  *Id*.  And most courts hold that a party "must demonstrate at least a reasonable probability of prevailing on the merits" in order to obtain such relief.  *Id*.

Finally, while a motion for a temporary restraining order is distinct from a motion for a preliminary injunction, some courts in the District of Colorado adhere to the same familiar four-part test for granting a preliminary injunction when considering whether to grant a temporary restraining order.  *See, e.g.*, *Salba Corp., N.A. v. X Factor Holdings, LLC*, No. 12-CV-01306-REB-KLM, 2014 WL 128147 (D. Colo. Jan. 14, 2014).  That

standard requires a plaintiff to demonstrate likelihood of success and irreparable harm but also "that the balance of equities tips in [Plaintiff's] favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

### III.  APPLICATION

Plaintiff fulfills the standard for a temporary restraining order as to its request to enjoin Judgment Debtors from further attempts to convey, sell, or otherwise transfer ownership of the Colorado Property.  As an initial matter, Plaintiff has met the technical requirements of Rule 65(b) by alleging with specificity in an affidavit the immediate loss or injury that will be caused by Judgment Debtors' actions, *see* (Doc. # 7-1), and by certifying in writing that it has provided notice to Judgment Debtors, *see* (Doc. # 18).[2]

Furthermore, the Court is persuaded that Plaintiff's request to enjoin Judgment Debtors from further attempts to convey, sell, or otherwise transfer ownership of the Colorado Property meets the standard required for issuance of a temporary restraining order.  Plaintiff has established: (a) that it is likely to succeed on the merits of its claim for violations of the Colorado Uniform Transfer Act, C.R.S. § 38-8-101, et seq.; (b) that it is suffering immediate and irreparable injury due to the Judgment Debtors transfer of

---

[1] While courts in this district have considered these latter two factors, they can be considered at the discretion of the Court.  *See, e.g.*, Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2014 update) ("The court also **may** balance the harm that might be suffered by defendant if the order were issued against the injury that would result to plaintiff if the application for the restraining order were denied.  This balancing of the hardships approach is fairly common, particularly when one of the parties is a governmental unit.  More generally, it also **may** be appropriate for the court to consider the effect of the requested order on the public interest." (footnotes omitted)).

[2] On October 15, 2015, the Court granted Plaintiff's Motion for Appointment of Agent for Substituted Service.  (Doc. # 15.)  On October 16, 2015, Plaintiff served a complete set of pleadings on Michael Einbinder, Esq., who had been designated to receive service on behalf of Judgment Debtors.  (Doc. # 18.)

the Colorado Property, which was done to frustrate collection of the Florida Judgment and/or render Judgment Debtors judgment-proof; (c) that this injury to Plaintiff outweighs any harm caused as a result of an injunction; and (d) that the entry of an injunction in this case is not adverse to the public interest.  However, the Court denies Plaintiff's request to enjoin Judgment Debtors from alienating or liquidating any other assets owned by them or by any entity under their control as this request is overly broad and outside of the scope of the relief requested in Plaintiff's complaint.

The Court also concludes that Plaintiff need not post a bond as security given that Plaintiff is presently a judgment creditor of the Judgment Debtors.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) (district courts have wide discretion in determining whether to require security under Federal Rule of Civil Procedure 65); *see also Dargan v. Ingram*, Case No. 08-cv-1714, 2009 WL 1437564, at *8 (W.D. Wash. May 22, 2009) ("The Court has determined that there is no need for [movant] to post a bond as security in this case given that [movant] is already a judgment creditor . . . and the likelihood of the injunction or freeze asset order causing any harm to the defendants" is minimal).

### IV.  <u>CONCLUSION</u>

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion for a Temporary Restraining Order (Doc. # 7) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Judgment Debtors, along with their agents, servants, employees, confederates, assigns, attorneys, and/or any persons acting in concert or participation

with them, or having knowledge of this Order by personal service or otherwise be, and hereby are, pending a trial on the merits, preliminarily enjoined from further attempts to convey, sell, or otherwise transfer ownership of the real property located in Douglas County, Colorado, at 23453 Painted Hills Street, Parker, Colorado 80138.  It is further

ORDERED that Plaintiff's Motion for a Temporary Restraining Order is denied in all other respects beyond what is ordered above.  It is further

ORDERED that, pursuant to Federal Rule of Civil Procedure 65(b)(2), this Order shall expire on October 30, 2015, with a hearing on Plaintiff's request for a preliminary injunction to be heard on that day at 3:00 PM.  It is further

ORDERED that Plaintiff shall provide notice of this order to Defendants. It is further

ORDERED that Plaintiff is to submit briefing as to why this Court should grant a motion for a preliminary injunction by no later than October 23, 2015.[3]  Judgment Debtors are to submit a response no later than October 27, 2015.

DATED: October 16, 2015 at 5:19 PM        BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[3] In this briefing, Plaintiff can advance an argument as to why it is entitled to injunctive relief beyond what is provided by this Order, though it must support its position with sufficient factual support and legal authority.