**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 15-cv-02057-CMA-CBS

THE LEARNING EXPERIENCE SYSTEMS, LLC,

      Plaintiff,

v.

BERNARD ALLAGESWARAN LOGANATHAN,
KATIJAH BEEVE BINTE SHAIK ALAUDEEN, and
NESTERVILLE PROPERTIES, LLC,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION**

---

This matter comes before the Court on Plaintiff The Learning Experience

Systems, LLC's ("Plaintiff") Motion for Temporary Restraining Order and Preliminary

Injunction (the "Motion") and the two supplements thereto. (Doc. ## 7, 17, 21.) This

Court, having reviewed the Motion, the supplements, all exhibits thereto, all arguments

made in relation thereto, the Court file, and applicable law, and for good cause shown,

herby concludes that the Motion is **GRANTED IN PART AND DENIED IN PART.**

Specifically, the Court finds as follows:

Plaintiff is the Judgment Creditor and Defendants Bernard Allageswaran

Loganathan ("Loganathan"), Katijah Beeve Binte Shaik Alaudeen ("Alaudeen," and

together with Loganathan, referred to herein as the "Judgment Debtors") are Judgment

Debtors with respect to a Final Judgment entered by the United States District Court for the Southern District of Florida on August 4, 2015 in the principal amount of $928,606.00 (the "Florida Judgment").

Judgment Creditors have not satisfied, in part or in whole, the Judgment against them.

Well aware of the Florida Judgment and Plaintiff's efforts to domesticate the same in Colorado, Judgment Debtors recorded a general warranty deed purporting to convey residential property located at 23453 Painted Hills Street, Parker, Colorado 80138 (the "Colorado Property") to Defendant Nesterville Properties, LLC ("Nesterville," and collectively with the Judgment Debtors, referred to herein as "Defendants").

The Colorado Property has a fair market value of approximately $600,000, but was transferred by the Judgment Creditors to Nesterville for stated consideration of only Ten Dollars ($10.00).  Nesterville's co-managers have submitted affidavits indicating they were not aware of the transfer and paid no consideration.

After this action alleging fraudulent transfer was commenced, an individual named David Kruger purported to execute a warranty deed transferring the Colorado Property back to Judgment Debtors from Nesterville.

Based on the foregoing, the Court concludes that Plaintiff  has established: (a) that it is likely to succeed on the merits of its claim for violations of the Colorado Uniform Transfer Act, C.R.S. § 38-8-101, *et seq*.; (b) that it is suffering immediate and irreparable injury due to the Judgment Debtors' transfer of assets, which was done to frustrate the Florida Judgment and/or render Judgment Debtors insolvent;  (c) that this

injury to Plaintiff outweighs any harm caused as a result of an injunction; and (d) that the entry of an injunction in this case is not adverse to the public interest.

Therefore, it is hereby ORDERED:

Plaintiff's Motion is GRANTED to the extent that it requests that Defendants, along with their agents, servants, employees, confederates, assigns, attorneys, and/or any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are, pending a trial on the merits, preliminarily enjoined from further attempts to convey, sell, or otherwise transfer ownership of the real property located in Douglas County, Colorado, at 23453 Painted Hills Street, Parker, Colorado 80138.

Plaintiff's Motion is DENIED to the extent it requests that Judgment Debtors be enjoined from alienating or liquidating "any non-exempt property within this District." However, if Plaintiff can identify other specific assets within Colorado belonging to Judgment Debtors, the Court will entertain a renewed request to expand the scope of the injunction.

With regard to the bond requirement, the Court finds that Plaintiff need not post a bond as security given that Plaintiff is presently a judgment creditor of Defendants Loganathan and Alaudeen. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1215 (10th Cir. 2009) (district courts have wide discretion in determining whether to require security under Federal Rule of Civil Procedure 65).

DATED: October 30, 2015         BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge